UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRYL WEBB, | CIVIL ACTION 1:15-cv-07762 |
| Plaintiff, | |
| v. | COMPLAINT |
| NEW PENN FINANCIAL, d/b/a SHELLPOINT MORTGAGE SERVICING, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT TO**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, DARRYL WEBB ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, NEW PENN FINANCIAL, LLC, d/b/a SHELLPOINT MORTGAGE SERVICING ("Shellpoint"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Shellpoint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA").

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C. §227, and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Shellpoint conducts business in the Northern District of Illinois and Shellpoint's collection communications and practices impacted Plaintiff within the Northern District of Illinois.

## PARTIES

4. Plaintiff Darryl Webb is a natural person residing at 1041 Forest Hill Street, Calumet City, Illinois 60409.

5. Defendant Shellpoint is a limited liability company with its principal office located at 4000 Chemical Road, Suite 200, Plymouth Meeting, Pennsylvania 19462 and its registered agent is Illinois Corporation Service C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

6. Shellpoint is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692 a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## FACTS SUPPORTING CAUSE OF ACTION

7. In August 2005, Plaintiff obtained a second mortgage loan ("subject debt") from Ocwen Loan Servicing, LLC ("Ocwen") secured by his primary residence located at 1041 Forest Hill Street, Calumet City, Illinois 60409.

8. Plaintiff defaulted on the subject debt in late 2009.

9. On December 31, 2012, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 12-50954, invoking the protections of the bankruptcy automatic stay pursuant to 11 U.S.C. §362. *See* Exhibit A, attached hereto and incorporated herein by reference.

10. At the time Plaintiff filed bankruptcy, Ocwen serviced the subject debt.

11. The subject debt was duly scheduled in Plaintiff's bankruptcy petition Schedule D. *See* attached Exhibit B, attached hereto and incorporated herein by reference.

12. On or about January 5, 2013, the Bankruptcy Noticing Center ("BNC") mailed a copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines to all creditors listed on the Bankruptcy Petition and Schedules, including Ocwen. *See* attached Exhibit C, attached hereto and incorporated herein by reference.

13. The BNC notice also provided Ocwen with the name and address of Plaintiff's counsel and expressly stated that "contacting the debtor by phone" and "taking actions to collect money or obtain property from the debtor" was prohibited by the Bankruptcy Code. *Id*.

14. The 341 meeting of creditors was held on March 19, 2013.

15. A representative of Ocwen was not present at the 341 meeting of creditors.

16. On April 24, 2013, Plaintiff received a discharge of all dischargeable debts pursuant to 11 U.S.C. §1328, including the subject debt. *See* attached Exhibit D, a true and correct copy of the Discharge Order.

17. On April 24, 2013, the BNC provided Ocwen with notice of the Chapter 7 discharge. *See* attached Exhibit E, attached hereto and incorporated herein by reference.

18. The discharge order expressly stated that:

> "[t]he discharge prohibits any attempt to collect from the debtor a debt that has been discharged … a creditor is not permitted to contact a debtor by mail, phone, or otherwise … to collect a discharged debt from the debtor." *Id*.

19. Plaintiff continued to receive payment demands and notices from Ocwen after the bankruptcy filing and through May 2015.

20. Upon information and belief, Ocwen transferred the subject debt to Defendant for collection on or before July 22, 2015, after Plaintiff had defaulted on the subject debt.

3

21. On July 28, 2015, Defendant sent Plaintiff a notice informing Plaintiff that Ocwen had transferred the servicing rights of the subject debt to Defendant. *See* attached Exhibit F, attached hereto and incorporated herein by reference.

22. The July 28, 2015 notice stated:

> " This is an attempt to collect a debt and any information obtained will be used for that purpose." *Id.*

23. The July 28, 2015 notice also included a detachable payment coupon which demanded payment of $398.46 by November 1, 2009. *Id.*

24. The payment due date listed on the July 28, 2015 notice was a date that was almost 6 years prior to the date the notice was sent to Plaintiff. *Id.*

25. Defendant's collection attempt was made with actual knowledge of Plaintiff's bankruptcy.

26. The collection attempt was highly confusing and upsetting to Plaintiff.

27. Plaintiff has suffered significant emotional distress and mental anguish as a result of Defendant's harassing collection attempt.

28. Plaintiff has expended time consulting with his attorneys as a result of Defendant's deceptive collection actions.

29. Concerned about the violations of his rights, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

### COUNT I -- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Defendant violated 15 U.S.C. §§ 1692e(2), 1692e(10), and 1692f through its debt collection efforts.

32. Defendant violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt by demanding payment on a debt which was no longer owed by virtue of Plaintiff's discharge.

33. Similarly, Defendant violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time of the demand as the subject debt was not collectable by virtue of Plaintiff's discharge.

34. Defendant violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt by attempting to induce Plaintiff into making payments on a debt that is not legally owed.

35. As pled in paragraphs 26 through 29, Plaintiff suffered damages as a direct result of Defendant's collection efforts.

WHEREFORE, Plaintiff, DARRYL WEBB, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. awarding Plaintiff statutory damages of $1,000 as prescribed by the FDCPA;

c. awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

e. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II -- VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

36. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

37. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts or practices by attempting to collect a discharged debt from Plaintiff.

38. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

39. Plaintiff is a "consumer" as defined by ICFA, 815 ILCS 505/1(e).

40. Defendant's attempt to collect a debt is part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

41. Defendant's conduct in relation to the subject debt was willful, malicious, unfair, and designed to coerce Plaintiff into paying a debt that was not owed at the time the demand for payment was made.

42. Defendant's conduct offends public policy as it demonstrates an industry-wide practice of attempting to collect debt discharged in bankruptcy.

43. Defendant's conduct is unfair because continuing to collect debt discharged in bankruptcy serves only to harass, abuse, and oppress debtors such as Plaintiff that have sought and received the protections of a bankruptcy discharge.

44. Defendant's demand for payment on a debt that was discharged in bankruptcy amounts to a deceptive practice designed to facilitate the collection of debt that is not owed.

45. Defendant's collection efforts were deceptive because the subject debt was no longer owed by Plaintiff by virtue of his Chapter 7 discharge.

46. Defendant had no right to collect the subject debt or to represent to Plaintiff that he was obligated to pay the subject debt.

47. Defendant made material misrepresentations regarding the status of the subject debt and Plaintiff's obligations to pay the subject debt.

48. Defendant attempted to deceive Plaintiff into believing that he had to pay the subject debt.

49. Plaintiff was harmed by Defendant's collection efforts. Plaintiff incurred legal fees and costs, suffered from undue stress and confusion, and was prevented from receiving a "fresh start" through bankruptcy.

WHEREFORE, Plaintiff, DARRYL WEBB, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. awarding the Plaintiff costs and reasonable attorney fees; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 2, 2015      Respectfully Submitted,

*/s/ Nick Wooten*
Nick Wooten
Counsel for Plaintiff
Sulaiman Law Group, Ltd.
of Counsel
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523
Tel. (630) 575-8181
Fax (630) 575-8188
Email: nick@nickwooten.com